(June 1, 1976)

■ Donald C. Smith, Appellant, v Joanne E. Smith, Respondent.—Three orders of the Supreme Court, New York County, each entered on March 24, 1976, unanimously affirmed for the reasons stated by Shainswit, J., at Special Term, without costs and without disbursements. Concur—Stevens, P. J., Markewich, Capozzoli, Nunez and Lynch, JJ.

■ In the Matter of the Arbitration between Botein, Hays, Sklar & Herzberg, Respondent, and Grand Central Building, Inc., Appellant.—Judgment, Supreme Court, New York County, entered on March 2, 1976, unanimously affirmed for the reasons stated by Hughes, J., at Special Term. Respondent shall recover of appellant $40 costs and disbursements of this appeal. Concur—Lupiano, J. P., Birns, Silverman, Lane and Nunez, JJ.

■ In the Matter of Millicent Linden, Petitioner, v Seymour Schwartz, as Justice of the Civil Court, Respondent.—Application, pursuant to CPLR article 78, for an order in the nature of mandamus, unanimously denied, the cross motion granted and the petition dismissed, without costs and without disbursements. No opinion. Concur—Stevens, P. J., Markewich, Kupferman, Murphy and Capozzoli, JJ.

■ Harriet Zang, Respondent, v Theodore Zang, Appellant.—Judgment, Supreme Court, New York County, entered January 27, 1976, which inter alia dissolved the marriage of the parties on the ground of the defendant-appellant's cruel and inhuman treatment of the plaintiff and awarded the sum of $300 a week for the support of the parties' two minor children, unanimously affirmed, without costs and without disbursements. The appellant's argument that it was the plaintiff, not he, who refused marital relations, that a one-day adjournment would have enabled him to have produced a witness to prove it, and that this constitutes abandonment, not cruel and inhuman treatment, is ineffective since, on sufficient evidence, the trial court found other conduct of the appellant that constituted cruel and inhuman treatment. Questions of privilege aside, the appellant has failed to show, either on appeal or at the trial, the materiality of notes made by the plaintiff as an aide-memoire for a visit to a court-appointed psychiatrist. The appellant's income for 1974 would indicate an earning ability sufficient to warrant the support ordered. Should there be a change of circumstances, the appellant has the right to seek modification. Concur—Markewich, J. P., Kupferman, Lupiano, Silverman and Lynch, JJ.

■ Elinor Guggenheimer, as Commissioner of the Department of